UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANINDER CHALAL, individually,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FINANCIAL CASUALTY COMPANY, and DOES 1–50,<br><br>Defendants. | No. 2:25-cv-00037-TLN-SCR<br><br><br>**ORDER** |

This matter is before the Court on Defendant United Financial Casualty Company's ("Defendant") Motion to Dismiss. (ECF No. 3.) Plaintiff Maninder Chalal ("Plaintiff") filed an opposition. (ECF No. 8.) Defendant filed a reply. (ECF No. 9.) For the reasons set forth below, Defendant's Motion to Dismiss is DENIED in part and GRANTED in part.

///
///
///
///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of Defendant's alleged lack of timeliness in tendering payment under an insurance policy. (ECF No. 1-1.) On January 22, 2022,[1] Plaintiff entered into an insurance contract with Defendant which provided coverage for bodily injury claims. (*Id.* at 5.) On April 5, 2022, Plaintiff suffered injuries in a car accident. (*Id.*) On June 2, 2023, Plaintiff submitted a policy limit settlement demand of $500,000 to cover expenses resulting from the April 5, 2022, car accident. (*Id.*) Her demand included 381 pages of medical records documenting her treatment since the accident until May 17, 2023, 28 pages of medical bills amounting to about $170,000, and documentation outlining Plaintiff's need for spinal surgery. (*Id.*)

Plaintiff asserts she followed all material policy provisions and diligently provided all requested medical documentation to Defendant. (*Id.*) However, "on multiple occasions," Plaintiff alleges Defendant requested irrelevant documentation, including information on past medical treatments unrelated to her current claim. (*Id.* at 6.) Plaintiff alleges these requests were "unnecessary" and contributed to significant delay in processing her claim. (*Id.*) Plaintiff asserts there was urgency regarding her claim, which she stressed to Defendant, because she had a scheduled surgery on September 6, 2023. (*Id.*) Finally, Plaintiff alleges Defendant made an "unreasonably low initial settlement offer." (*Id.* at 8.)

Defendant tendered the $500,000 policy limit to Plaintiff on January 3, 2024 — seven months after the initial demand was made. (*Id.* at 6.) Plaintiff alleges this delay in payment caused her to incur "significant special damages, including but not limited to ongoing medical expenses, emotional distress, and additional financial hardships." (*Id.*)

Plaintiff filed the instant action in Sacramento Superior Court on November 19, 2024. (*See generally id.*) Plaintiff alleges four causes of action: (1) Breach of Contract; (2) Breach of

---

[1] The Court notes Plaintiff's Complaint states that Plaintiff entered into the insurance contract on June 2, 2023. (ECF No. 1-1 at 5.) In contrast, Plaintiff's opposition states that Plaintiff entered into the insurance contract on January 22, 2022. (ECF No. 8 at 4.) As the auto accident occurred in April 2022 and there appears to be no dispute as to coverage, the Court accepts the January 22, 2022 date as the date Plaintiff entered into the insurance contract.

2

the Implied Covenant of Good Faith and Fair Dealing ("implied covenant"); (3) Violation of the California Insurance Code – Unfair Claims Practices; and (4) Negligent Infliction of Emotional Distress. (*Id.*)  Plaintiff also requests punitive damages and attorney's fees. (*Id.* at 11.)  On January 2, 2025, Defendant removed the action to this Court (ECF No. 1) and then filed the instant Motion to Dismiss on January 9, 2025 (ECF No. 3 at 1).

## II.     STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every reasonable inference drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III. ANALYSIS**

    A.    <u>Breach of Contract</u>

Defendant argues Plaintiff cannot state a breach of contract claim because Defendant paid the policy limits.[2]  (ECF No. 3-1 at 5.)  In opposition, Plaintiff argues Defendant's payment does

---

[2] Defendant also argues without citation to authority that Plaintiff would have been required to incur the medical expenses for her back surgery regardless. Without more, the Court declines to address this argument.

4

not negate her claim, because a delay in payment can constitute breach of contract under California law. (ECF No. 8 at 6–7.) In reply, Defendant maintains its position that when an insurance company pays the full policy limit, it cannot be held liable for breach of contract. (ECF No. 9 at 3–4 (citing *Harner v. USAA Gen. Indem. Co.*, 497 F. Supp. 3d 901, 909–10 (S.D. Cal. 2020)).)

Under California law, a claim for breach of contract includes four elements: that a contract exists between the parties; that the plaintiff performed his contractual duties or was excused from nonperformance; that the defendant breached those contractual duties; and that plaintiff's damages were a result of the breach. *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968).

While some courts in this circuit, such as *Harner*, have found there is no breach of contract when an insurance company pays the full policy limit, others, including this Court, have found otherwise. *See e.g.*, *Simmons v. Liberty Mut. Fire Ins. Co.*, No. 2:21-cv-02215-TLN-DMC, 2023 WL 5242671, at *8 (E.D. Cal. Aug. 15, 2023) (recognizing the split in district courts and holding there was a triable issue of fact because unreasonable delay may constitute breach of contract despite full payment under the policy). Here, it is unclear whether Plaintiff argues that breach of the implied covenant due to unreasonable delay in tendering payment constitutes breach of contract, or if the unreasonable delay itself, outside of an implied covenant claim, directly constitutes breach of contract. (*See* ECF No. 8 at 6–8.) Regardless of which argument Plaintiff relies on, the Court finds unreasonable delay in tendering payment, despite eventual payment of the full policy limit, may constitute breach of contract. *See Simmons*, 2023 WL 5242671, at *8.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Breach of Contract Claim is DENIED.

B. Breach of the Implied Covenant of Good Faith and Fair Dealing

"Under California law, 'insurance bad faith' refers to a breach of the implied covenant of good faith and fair dealing as that covenant applies to insurance policies." *Gentry v. State Farm Mut. Auto. Ins. Co.*, 726 F. Supp. 2d 1160, 1166 (E.D. Cal. 2010). To succeed on an implied covenant claim, the insured must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable. *Guebara v. Allstate Ins. Co.*, 237 F.3d

5

987, 992 (9th Cir. 2001). In the insurance context, a claim for breach of the implied covenant may be brought as a tort, instead of in contract. *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720 (2007).

Defendant argues there cannot be a breach of the implied covenant because its investigation and policy payment were not unreasonable or made in bad faith. (ECF No. 3-1 at 6.) Further, Defendant argues the genuine dispute doctrine precludes bad faith liability because Defendant's reasonable inquiry into the value of the claim explains the delay in payment and request for further records. (*Id*. at 6–7.)

Plaintiff responds that the claim is actionable for two primary reasons. (ECF No. 8 at 8–11.) First, Plaintiff argues the delay in payment was unreasonable because Defendant's seven-month investigation was too long and because Defendant requested unnecessary documentation when Plaintiff had already submitted sufficient documentation. (*Id.* at 8.) Second, Plaintiff argues the genuine dispute doctrine does not shield Defendant from liability because it does not apply when the other party acts unreasonably and because there is no legitimate and reasonable disagreement about coverage or the value of benefits. (*Id.* at 9–10.)

In reply, Defendant contends the delay was reasonable because its actions were to further investigate the claim for which it paid the policy limits. (ECF No. 9 at 4 (citing *Globe Indem. Co. v. Superior Court*, 6 Cal. App. 4th 725, 731 (1992)).) Further, Defendant maintains the genuine dispute doctrine applies. (*Id.*)

The Court begins by addressing the parties' unreasonableness arguments before turning to the genuine dispute doctrine.

                                *i.*    *Unreasonable Delay*

The California Supreme Court in *Waller v. Truck Ins. Exch., Inc.*, makes clear that "delayed payment based on inadequate or tardy investigations" may constitute breach of the implied covenant. 11 Cal. 4th 1, 36 (1995). While there can be no unreasonable delay until the insurer receives sufficient information to process a claim, *see Kerrigan v. Allstate Ins. Co.*, 543 F. Supp. 3d 843, 855 (C.D. Cal. 2021), there may be unreasonable delay when an insurer is in receipt of "sufficient information to render a coverage determination." *See Lily 1993, Inc. v.*

*Spinnaker Ins. Co.*, No. 2:24-cv-10322-CAS(PDx), 2025 WL 417400, at *8 (C.D. Cal. Feb. 3, 2025).

Here, Defendant argues the time period it took to process the claim, including the request for additional documentation was not unreasonable. (ECF No. 3-1 at 6; ECF No. 9 at 4.) However, Plaintiff alleges in the Complaint that Defendant had in fact received adequate documentation, did not require additional documentation to make a decision, and unreasonably delayed tendering payment. (ECF No. 1-1 at 5). At this stage, the Court must accept that Defendant received adequate information to process Plaintiff's insurance claim. *See Lily*, 2025 WL 417400, at *8 (holding the plaintiffs had sufficiently pleaded unreasonable delay in their claim for breach of the implied covenant because they alleged the defendant insurer had "received sufficient information to render a coverage determination").

Accordingly, Plaintiff has sufficiently pleaded facts to show unreasonable delay as a basis for her breach of the implied covenant claim.

### *ii. Genuine Dispute Doctrine*

Generally, an insurer who denies or delays payment of policy benefits where there is a genuine dispute as to the existence or amount of coverage will not be liable for bad faith. *Wilson*, 42 Cal. 4th at 723. However, this genuine dispute rule "does not relieve an insurer from its obligation to thoroughly and fairly investigate, process and evaluate the insured's claim," and "[a] genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds." *Id.* (emphasis in original). Specifically, the genuine dispute doctrine does not shield an insurer from liability when "a jury could conclude that the insurer acted unreasonably." *Id.* at 724.

Defendant argues the genuine dispute doctrine bars Plaintiff's claim because its conduct was reasonable to request additional medical records under the circumstances. (ECF No. 3-1 at 7.) In opposition, Plaintiff contends again that Defendant's actions were unreasonable, and the genuine dispute doctrine only applies when there is a legitimate and reasonable disagreement between the insurer and the insured. (ECF No. 8 at 9.) In reply, Defendant contends Plaintiff admits in the Complaint that additional documents were provided to Defendant to allow it to

make an informed decision, and Defendant gave Plaintiff the benefit of the doubt when it tendered the policy. (ECF No. 9 at 5.)

The Court finds the genuine dispute doctrine inapplicable at this time. As stated above, Plaintiff has sufficiently pleaded facts to show Defendant's conduct was unreasonable. Additionally, when construing the allegations in the light most favorable to Plaintiff, it appears Plaintiff alleges Defendant acted unreasonably after Plaintiff provided additional documentation to Defendant. (ECF No. 1-1 at 5.) Moreover, without further explanation, it is unclear to the Court how Defendant giving Plaintiff the "benefit of the doubt" demonstrates the genuine dispute doctrine applies. In sum, the Court finds the genuine dispute doctrine inapplicable at this time given Plaintiff's allegations that Defendant acted unreasonably.

Defendant's Motion to Dismiss Plaintiff's implied covenant claim is DENIED.[3]

### C. Violation of the California Insurance Code § 790.03 – Unfair Claims Practices

Defendant argues this claim should be dismissed because there is no private right of action under California Insurance Code § 790.03(h). (ECF No. 3-1 at 7–8 (citing *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304 (1988); *Rattan v. United Servs. Auto. Ass'n*, 84 Cal. App. 4th 715, 724 (2000)).) In response, Plaintiff concedes this point. (ECF No. 8 at 11.)

Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for violation of California Insurance Code § 790.3 is GRANTED without leave to amend. *See Moradi-Shalal*, 46 Cal. 3d at 304 (no private right of action under § 790.03(h)).

### D. Negligent Infliction of Emotional Distress

Defendant argues the Negligent Infliction of Emotional Distress ("NIED") claim cannot be brought because courts routinely disapprove of negligence claims brought by insureds against insurers. (ECF No. 3-1 at 8–9.) Further, Defendant argues NIED cannot be brought as an independent tort because it is only an element of damages for bad faith. (*Id.* at 9.)

---

[3] Plaintiff does not explicitly state that her implied covenant claim is brought in tort instead of in contract. But Plaintiff's treatment of the claim aligns substantively with a tortious claim for breach of the implied covenant. Accordingly, the Court assumes that this claim was brought in tort.

8

1          In opposition, Plaintiff argues California law does permit NIED claims by insureds against
2    insurers because of the "'special relationship' between an insurer and an insured that gives rise to
3    a heightened duty of good faith." (ECF No. 8 at 11 (citing *Williams v. Integon Nat'l Ins. Corp.*,
4    191 F. Supp. 3d 1126 (S.D. Cal. 2016)).)

5          In reply, Defendant concedes that insureds can bring NIED claims but argues Plaintiff's
6    case does not fall into the "narrow exception" which allows plaintiffs to bring such a claim. (ECF
7    No. 9 at 6.) Defendant distinguishes *Williams* to show that NIED cannot be pleaded here because
8    Defendant did not accuse Plaintiff of fraud, nor did Defendant rely on a non-existing clause to
9    preclude payment of the policy limits. (*Id.* at 6–7.) Further, Defendant argues this cause of
10   action is a mere restatement of Plaintiff's breach of contract and breach of the implied covenant
11   arguments. (*Id.* at 7.)

12         Insureds may bring a claim against their insurer for NIED under California law. *See*
13   *Williams*, 191 F. Supp. 3d at 1132–33. California courts have recognized a "special relationship"
14   between an insurer and an insured originating from the "special nature and purpose inherent in an
15   insurance contract." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1147 (1990). From this
16   special relationship, insurers have a heightened duty to act in good faith. *Williams*, 191 F. Supp.
17   3d at 1132–33 (citing *Love*, 221 Cal. App. 3d at 1147). Accordingly, where an insurer
18   mishandles a claim for policy benefits, the insurer may be liable to the insured for NIED. *See*
19   *Williams*, 191 F. Supp. 3d at 1132–33 (collecting cases). In California, NIED is a subset of
20   negligence. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). To bring a
21   claim for NIED, a plaintiff must allege facts to show "(1) a legal duty to use due care; (2) a
22   breach of such duty; (3) legal cause; and (4) damages caused by the negligent breach." *Williams*,
23   191 F. Supp. 3d at 1132 (citing *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003)).

24         The Court finds Plaintiff has sufficiently pleaded a cause of action for NIED. First,
25   Defendant's efforts in distinguishing *Williams* to show Plaintiff had not sufficiently pleaded facts
26   to allege Defendant mishandled her claim is inapposite. A Plaintiff is not required to allege facts
27   identical to *Williams* to bring an NIED claim but rather must simply plead allegations to support
28   the elements of the claim.

Second, while Plaintiff's allegations barely surpass the required standard, Plaintiff presents sufficient factual allegations to support each element of the tort. (ECF No. 1-1 at 10.) Plaintiff has alleged facts to show Defendant mishandled her claim by alleging Defendant owed her a duty through the implied covenant which it breached when Defendant delayed payment causing emotional and financial hardship. (*Id.*)

Accordingly, Defendant's Motion to Dismiss Plaintiff's NIED claim is DENIED.[4]

### E.    Punitive Damages

Defendant argues punitive damages are unavailable because a breach of contract claim cannot support punitive damages, and Plaintiff has not sufficiently pleaded a claim for tortious breach of the implied covenant to support punitive damages. (ECF No. 3-1 at 9.) Further, Defendant argues Plaintiff failed to allege Defendant acted with oppression, fraud, or malice because the "allegations are nothing but bare bones allegations." (*Id.* at 10.)

In opposition, Plaintiff argues Defendant's conduct was sufficiently oppressive under California Civil Code § 3294(a) because Defendant intentionally deprived her of "property and contract rights" with "the purpose of minimizing its costs" to Plaintiff's detriment "without regard to the harm it would cause Plaintiff." (ECF No. 8 at 12.) Plaintiff further argues Defendant's delay in tendering payment, despite its possession of all necessary documentation, created undue emotional and financial hardship which constitutes "oppression" under the § 3294(a). (*Id.*)

In reply, Defendant maintains Plaintiff has not sufficiently pleaded facts to show Defendant's conduct meets the definition of oppression because Defendant never accused Plaintiff of fraud, never relied on a non-existent clause to deny or delay payment, nor did Defendant deny the claim. (ECF No. 9 at 7.) Further, Defendant argues it did not cause Plaintiff financial hardship because Plaintiff would have been personally liable for the medical costs regardless of when the payment was made. (*Id.* at 7–8.)

A request for punitive damages is available when a claim is brought for breach of a tort obligation. Cal. Civ. Code § 3294(a). To recover punitive damages, the plaintiff must prove the

---

[4]    The Court does not consider Defendant's duplicative claims argument because Defendant does not provide caselaw by which the Court may evaluate the argument. (*See* ECF No. 9 at 8.)

defendant acted with "oppression, fraud, or malice." *Id.*

Drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff's request for punitive damages survives at this stage. First, while Defendant is correct that a breach of contract claim cannot support punitive damages, the Court has determined that Plaintiff's implied covenant claim prevails, and this claim may support Plaintiff's punitive damages request. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994). Second, while Plaintiff does not directly allege Defendant acted with oppression, fraud, or malice, the Court finds the allegations allow for the inference that Defendant's alleged delay in tendering payment and the resulting emotional and financial hardship allow for the inference that Defendant acted with "oppression." *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) (analyzing complaint "for any alleged facts from which fraudulent, malicious or oppressive conduct could possibly be inferred"). Finally, Defendant's argument that punitive damages are not warranted because Plaintiff was personally liable for the medical costs are unpersuasive and unsupported by caselaw.

Accordingly, Defendant's Motion to Dismiss Plaintiff's request for punitive damages is DENIED.

F.    Attorney's Fees

Finally, Defendant argues Plaintiff cannot prove the elements to recover attorney's fees because Defendant acted reasonably and tendered payment. (ECF No. 3-1 at 11 (citing *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985); *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1079–80 (2007)).)

In opposition, Plaintiff argues attorney's fees can still be awarded, even where payment was tendered, because Plaintiff had to retain counsel to ensure the payment would be made. (ECF No. 8 at 12–13 (citing *Brandt*, 37 Cal. 3d; *Cassim v. Allstate Ins. Co.*, 33 Cal. 4th 780 (2004)).) Notably, Plaintiff states that the fees she seeks "are not for proving bad faith per se, but rather for the legal efforts to compel [Defendant] to honor its obligations under the policy in a timely manner." (*Id.* at 13.)

Defendant argues Plaintiff's request must fail because Plaintiff conceded she was not

11

seeking attorney's fees to prove bad faith and because the attorney's fees have already been paid through issuance of the policy limits. (ECF No. 9 at 8.)

The Court agrees with Plaintiff. In *Brandt v. Superior Court*, the California Supreme Court held that when an insurer tortiously withholds policy benefits, the attorney's fees reasonably incurred by the insured to compel payment of those benefits are recoverable as an element of damages. 37 Cal. 3d at 817. However, as the court later emphasized in *Essex Ins. Co. v. Five Star Dye House, Inc.*, such recovery is limited to fees incurred to obtain the policy benefits and does not extend to fees related to other aspects of the litigation, such as punitive damages or emotional distress claims. 38 Cal. 4th 1252, 1258 (2006). Further, "attorney fees expended to obtain damages exceeding the policy limit or to recover other types of damages are not recoverable as *Brandt* fees." *Id.*

Should Plaintiff prevail in its claim that Defendant tortiously withheld payment of the policy limit, Plaintiff would be entitled to recovery of her attorney's fees incurred to compel that payment. Accordingly, Defendant's Motion to Dismiss Plaintiff's request for attorney's fees is DENIED.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss (ECF No. 3) on Plaintiff's claims for breach of contract, breach of the implied covenant, NIED, punitive damages and attorney's fees. The Court GRANTS Defendant's Motion to Dismiss on Plaintiff's claim under California Insurance Code § 790.03.

IT IS SO ORDERED.

DATE: September 29, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE